UNITED STATES DISTRICT COURT   <u>For Online Publication Only</u>
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X

FREEDOM MORTGAGE CORPORATION,

          Plaintiff,    **<u>MEMORANDUM & ORDER</u>**
                22-CV-05966 (JMA) (ST)

     -against-         **FILED**
                  **CLERK**
LAWRENCE W. HUGHES, AFTON R. HUGHES, and
SUFFOLK COUNTY TRAFFIC AND PARKING 10:52 am, Feb 22, 2024
VIOLATIONS AGENCY,
                **U.S. DISTRICT COURT**
          Defendants. **EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------X **LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

  Plaintiff Freedom Mortgage Corporation brought the instant action to foreclose on a mortgage encumbering the property at 16 Matsunaye Drive, Medford, NY 11763 (the "Property"). (<u>See</u> Compl., ECF No. 1.)  Presently before the Court is Plaintiff's unopposed motion for (1) default judgment against all non-appearing defendants and (2) summary judgement against the defendant who has appeared (the "Motion").  (<u>See</u> ECF No. 27.)  Plaintiff seeks recovery of outstanding amounts owed under the mortgage note, as well as entry of a judgment of foreclosure and sale of the Property.  For the reasons set forth herein, Plaintiff's motion is GRANTED.

## I.  BACKGROUND

### A. <u>Facts</u>

  For the unopposed motion for default judgment, the Court accepts as true Plaintiff's factual assertions that are well-pled in the Complaint.  See <u>Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Constr., LLC</u>, 779 F.3d 182, 187 (2d Cir. 2015) (per curiam) (holding that courts must accept well-pled factual allegations as true on a motion for default judgment).  For the unopposed motion for summary judgment, the Court accepts as true Plaintiff's factual assertions that are supported by undisputed documentary evidence.  See <u>Vt. Teddy Bear Co. v. 1-800 BEARGRAM Co.</u>, 373 F.3d 241, 244, 246 (2d Cir. 2004) (holding the district court may "accept

the movant's factual assertions as true" when adjudicating an unopposed summary judgment motion).

### 1.     The Note and Mortgage

On August 23, 2018, Defendant Lawrence W. Hughes executed a note in favor of Plaintiff in the amount of $336,00.00 (the "Note").  (ECF No. 29-10 at 6-8.[1])  That same day, Defendants Lawrence W. Hughes and Afton R. Hughes ("Borrowers") executed a mortgage on the Property to secure the Note (the "Mortgage") in which the mortgagee of record was nonparty Mortgage Electronic Systems Inc. as nominee for Plaintiff.[2]  (Id. at 13-25.)  On October 15, 2018, the Mortgage was recorded in the Suffolk County Clerk's Office.  (Id. at 10-12.)  On June 11, 2020, the Mortgage was assigned to Plaintiff; this assignment was recorded in the Suffolk County Clerk's Office on June 26, 2020.  (Id. at 41-44.)

Effective June 3, 2021, Plaintiff and Borrowers entered into a loan modification agreement with respect to the Note ("Loan Modification").  Under that agreement, Plaintiff advanced an additional $38,295.20, and each of the Borrowers confirmed his responsibility to repay the Note debt as set forth in the Loan Modification.  (Id. at 29-40.)  On September 28, 2021, the Loan Modification was recorded in the Suffolk County Clerk's Office.  (Id. at 27-28.)

Since September 1, 2021, Borrowers have breached the Note, Loan Modification, and Mortgage (the "Agreements") by failing to make the required monthly payments.  (Id. ¶ 6; see id. at 46-51.)

---

[1]     Pinpoint citations to the documents attached to the Affidavit of Plaintiff at ECF No. 29-10 refer to the consecutive page numbers stamped at the top of that 103-page document.

[2]     The term "Borrowers" includes Afton R. Hughes—notwithstanding that he was not a signatory to the Note—because, as explained below, Afton R. Hughes signed a loan modification agreement in which he assumed responsibility for the Note debt.

On October 28, 2021, Borrowers were sent a default notice via first class mail, which stated that the total amount in arears was $5,012.08 and Borrowers must correct the default.  (Id. at 97-100.)  The default notice further stated that the failure to cure the default by November 30, 2021, would permit acceleration of the loan and foreclosure and sale on the Property.  (See id.)  On April 5, 2022, Borrowers were sent via first class and certified mail the 90-day notice required by New York's Real Property Actions and Proceedings Law ("RPAPL") Section 1304(1).  (See id. at 53-92.)  Consistent with RPAPL Section 1306, the Superintendent of the New York State Department of Financial Services was notified within three days that the 90-day notice was sent to Borrowers. (See id. at 94-95.)

### 2.    Additional Relevant Party

Defendant Suffolk County Traffic and Parking Violations Agency (the "Agency") holds subordinate liens on the Property.[3]  (See Compl, ECF No. 1 ¶ 5 (alleging liens' subordinate nature); id. at 12-13 (documenting liens).)

## B.    Procedural History

On October 5, 2022, Plaintiff filed the Complaint.  (ECF No. 1.)  On November 9, 2022, the Agency was served with the Complaint, the special summonses required by RPAPL Section 1320, and the certificate of merit required by the New York Civil Practice Law and Rules ("CPLR") Section 3012-B.  (ECF No. 9.)  Similarly, On November 10, 2022, Borrowers were served with the Complaint, the special summonses required by RPAPL Section 1320, the notice to residential mortgagors required by RPAPL Section 1303, and the certificate of merit required by CPLR Section 3012-B.  (ECF Nos. 7-8.)

---

[3]    Plaintiff misnamed the Agency in the Complaint as "Clerk of the Suffolk County Traffic & Parking Violations Agency."  (ECF No. 1 ¶ 5 (emphasis added).)  This Memorandum & Order refers to the Agency by its proper name consistent with the Agency's filings.  (See ECF Nos. 5, 18, 23.)

On November 17, 2022, Plaintiff filed a notice of pendency in the Suffolk County Clerk's Office consistent with RPAPL Section 1331. (See ECF No. 20.)

On December 7, 2022, the Agency answered the Complaint. (ECF No. 5.) Borrowers did not answer or otherwise respond to the Complaint. On March 14, 2023, the Clerk of the Court entered a certificate of default for Borrowers. (See ECF No. 15.)

On November 1, 2023, the Court adopted the briefing schedule that Plaintiff and the Agency proposed for the instant motion. (See Nov. 1, 2023 Order.) On December 15, 2023, Plaintiff filed proof of service that its motion papers were served on Borrowers. (ECF No. 25; see also E.D.N.Y. Loc. Civ. R. 55.2(c) (requiring this service).) On January 19, 2024, Plaintiff filed the Motion. (See ECF Nos. 27-29.) Neither the Borrowers nor the Agency opposed the Motion.

## II.     LEGAL STANDARDS

### A.     Default Judgment

The Federal Rules of Civil Procedure prescribe a two-step process for a plaintiff to obtain a default judgment. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). Second, after a default has been entered against the defendant, and provided the defendant failed to appear and move to set aside the default, the court may, on a plaintiff's motion, enter a default judgment. See FED. R. CIV. P. 55(b)(2).

Before imposing a default judgment, the district court must accept well-pled allegations as true and determine whether they establish the defendant's liability as a matter of law. See Bricklayers, 779 F.3d at 187. "While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." Id. at 189 (internal quotation marks and alterations omitted). Instead, the plaintiff must establish to a

"reasonable certainty" entitlement to the relief requested.  Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc., 699 F.3d 230, 234 (2d Cir. 2012) (internal quotation marks omitted).

## B.  **Summary Judgment**

Summary judgment must be granted when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  "No genuine dispute of material fact exists when the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." McKinney v. City of Middletown, 49 F.4th 730, 737 (2d Cir. 2022) (internal quotations omitted).  "The moving party bears the initial burden of showing that there is no genuine dispute as to a material fact." Jaffer v. Hirji, 887 F.3d 111, 114 (2d Cir. 2018) (internal quotations omitted).  For any burden of proof that rests with the nonmoving party, the movant can "point[] to a lack of evidence to go to the trier of fact on an essential element of the nonmovant's claim." Id. (internal quotations and alterations omitted).  Once the moving party carries its burden, "the nonmoving party must come forward with evidence that would be sufficient to support a jury verdict in its favor." McKinney, 49 F.4th at 738 (internal quotations omitted).  In this analysis, the Court must "construe the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." ING Bank N.V. v. M/V Temara, 892 F.3d 511, 518 (2d Cir. 2018).  Ultimately, "[t]he role of the district court on summary judgment is 'not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried.'" McKinney, 49 F.4th at 738 (quoting Brod v. Omya, Inc., 653 F.3d 156, 164 (2d Cir. 2011)).

### III.    DISCUSSION

**A.    Borrowers Defaulted**

As detailed above, each Borrower was properly served with a summons and the Complaint but failed to answer, file an appearance, or otherwise defend this action.  See supra Section I.B. The Clerk of the Court properly entered a certificate of default for Borrowers on March 14, 2023. (ECF No. 15.)

**B.    Borrowers' Liability**

Under New York law, "a plaintiff in an action to foreclose a mortgage [must] demonstrate: 'the existence of the mortgage and mortgage note, ownership of the mortgage, and the defendant's default in payment.'"  Gustavia Home, LLC v. Bent, 321 F. Supp. 3d 409, 414 (E.D.N.Y. 2018) (quoting Campaign v. Barba, 805 N.Y.S.2d 86, 86 (2d Dep't 2005)).  "Once the plaintiff submits the mortgage, the unpaid note, and evidence of the default, it has demonstrated its prima facie case of entitlement to judgment."  Id. (citing Fleet Natl. Bank v. Olasov, 793 N.Y.S.2d 52, 52 (2d Dep't 2005)).

Here, Plaintiff submitted copies of the Note and Loan Modification, in which Plaintiff is the original lender; the Mortgage, in which Plaintiff's nominee was the mortgagee; and the assignment of the Mortgage from Plaintiff's nominee to Plaintiff.  (See ECF No. 29-10 at 6-8, 10-25, 27-44).  Those documents establish the existence—and Plaintiff's ownership—of the Mortgage and Note.  See, e.g., Nissan Motor Acceptance Corp. v. Nemet Motors, LLC, No. 19-CV-3284, 2022 WL 4651667, at *3 (E.D.N.Y. Sept. 29, 2022) ("Where, as here, the plaintiff is also the original lender, production of the mortgage and note establish standing.").

Plaintiff submitted evidence of Borrowers' default in the form of an affidavit by Erica D. Tracy, FCL Specialist II for Plaintiff, which states that Borrowers defaulted on the Agreements on

September 1, 2021, and have not cured their default.  (See ECF No. 29-10 ¶ 6.)  Additionally, Plaintiff submitted the notices that it was required to send to Borrowers under the terms of the Agreements, as well as proof that it complied with its obligations under the RPAPL and CPLR. See supra Part I.

This documentary evidence, together with the allegations in the Complaint, are sufficient to establish Borrowers' liability.  Thus, Plaintiff has established its right to foreclose upon the Property.  Accordingly, a judgment of foreclosure and sale will be entered.

**C.    The Agency's Liability**

Under the RPAPL, the necessary parties to a mortgage foreclosure include "[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff."  REAL PROP. ACTS. LAW § 1311(3).  "The rationale for joinder of these interests derives from the underlying objective of foreclosure actions—to extinguish the rights of redemption of all those who have a subordinate interest in the property and to vest complete title in the purchaser at the judicial sale."  71-21 Loubet, LLC v. Bank of Am., N.A., 174 N.Y.S.3d 400, 404 (2d Dep't 2022) (internal quotation marks omitted).  Accordingly, Plaintiff seeks to extinguish the subordinate liens on the Property held by the Agency.  Plaintiff bears the burden to establish this "nominal liability" as to the Agency.  E.g., Onewest Bank N.A. v. Louis, No. 15-CV-00597, 2016 WL 3552143, at *12 (S.D.N.Y. June 22, 2016) (internal quotations omitted).  "To plead nominal liability, a plaintiff must allege 'in great detail' the nature of a defendant's interest in the subject property."  Miss Jones LLC v. Brown, No. 17-CV-898, 2020 WL 13889871, at *7 (E.D.N.Y. Aug. 14, 2020) (quoting Wells Fargo Bank, N.A. v. Landi, No. 13-CV-5822, 2015 WL 5657358, at *3 (E.D.N.Y. Sept. 22, 2015)), report and recommendation adopted, 2020 WL 5503535 (E.D.N.Y. Sept. 11, 2020).

Plaintiff submitted documents confirming that the Agency holds subordinate liens on the Property.  (See ECF No. 1 at 12-13.)  As such, Plaintiff established "nominal liability" sufficient for judgment against the Agency extinguishing its interests in the Property.  See, e.g., CIT Bank, N.A. v. Howard, No. 14-CV-7470, 2018 WL 3014815, at *13 (E.D.N.Y. June 15, 2018) (imposing nominal liability against defendants after reviewing documents confirming their subordinate property interests).

**D.    Damages**

In addition to the foreclosure and sale of the Property, Plaintiff requests from Borrowers $406,525.07 composed of (1) $405,448.49 in compensatory damages for amounts owed under the Agreements, and (2) $1,076.58 in costs in connection with this action.[4]  (See ECF No. 30.)  The Court may, without holding a hearing, rely on documentary evidence to determine damages.  See Bricklayers, 779 F.3d at 189 (affirming default judgment's award of damages calculated without a hearing based on briefs, audits, and affidavits); Metro Found. Contractors, 699 F.3d at 234-35 (holding that default judgment damages may be based on "detailed affidavits and documentary evidence" and affirming default judgment damages so awarded).  The Court finds, for the reasons set forth herein, that Plaintiff's submissions adequately support the requests for compensatory damages and costs.  Accordingly, Plaintiff is awarded the requested total of $406,525.07.

**1.    Compensatory Damages**

The Court finds that Plaintiff's submissions, including the affidavit from Ms. Tracy, establish its requested compensatory damages to a reasonable certainty.  (See ECF No. 29-10 ¶ 14 (reporting amounts owed for, among other things, principal balance, interest, and tax

---

[4]    Plaintiff's Statement of Damages miscalculates the aggregate of the requested compensatory damages and costs as totaling $412,175.07.  (ECF No. 29-12.)  Plaintiff later filed a letter that acknowledged this "scrivener's error" is "incorrect" and confirmed that "[t]he total amount sought is $406,525.07."  (ECF No. 30.)

disbursements); Id. at 46-51 (detailing underlying calculations in support of amounts owed).)

Accordingly, Plaintiff is awarded $405,448.49 in compensatory damages.

### 2.    Costs

The Agreements obligate Borrowers to pay all costs and disbursements, to the fullest

extent allowed by law, in connection with enforcing the Agreements.  (See id. at 7, 22.)  "[O]ut-

of-pocket litigation costs are generally recoverable if they are necessary for the representation of

the client."  Prot. One Alarm Monitoring, Inc. v. Exec. Prot. One Sec. Serv., LLC., 553 F. Supp.

2d 201, 210 (E.D.N.Y. 2008) (internal quotations and alteration omitted); see LeBlanc–Sternberg

v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998) (similar).  Plaintiff accordingly requests $1,076.58

for costs incurred in connection with this action, such as (among other things) the filing fee and

service of process.[5]  (ECF No. 29-12 at 2.)  "Such relief is routinely granted in foreclosure actions

where," as here, they are "provided for in the relevant agreements."  U.S. Bank Nat'l Ass'n v. 2150

Joshua's Path, LLC, No. 13-CV-1598, 2017 WL 4480869, at *5 (E.D.N.Y. Sept. 30, 2017).

Plaintiff "bears the burden of adequately documenting and itemizing the costs requested."

U.S. Bank Nat'l Ass'n as Tr. for Structured Adjustable Rate Mortg. Loan Tr., Mortg. Pass-Through

Certificates, Series 2007-8 v. Whittle, No. 22-CV-05484, 2023 WL 8189938, at *7 (E.D.N.Y. Nov.

27, 2023) (internal quotation marks omitted).  "Court fees reflected on the Court's docket and costs

for which a claimant provides extrinsic proof, such as an invoice or receipt, are considered

sufficiently substantiated, as is a sworn statement or declaration under penalty of perjury that

certain amounts were expended on particular items."  Antoine v. Brooklyn Maids 26, Inc., 489 F.

Supp. 3d 68, 105 (E.D.N.Y. 2020).  Plaintiff's Statement of Damages, in which Plaintiff's counsel

---

[5]     Plaintiff does not request attorney's fees, i.e., recovery to compensate for counsel's efforts to prosecute this action beyond out-of-pocket litigation costs.  (See ECF No. 28 at 12; ECF No. 29-12 at 2; ECF No. 30.)

swears under penalty of perjury to itemized costs Plaintiff seeks to recover (see ECF No. 29-12 at 2), substantiates the relief requested therein.  See, e.g., Whittle, 2023 WL 8189938, at *7 (awarding costs because counsel attested to them under penalty of perjury); Mendoza v. CGY & J Corp., No. 15-CV-9181, 2017 WL 4685100, at *3 (S.D.N.Y. Oct. 17, 2017) (same).  Accordingly, Plaintiff is awarded $1,076.58 for costs.

## IV.    CONCLUSION

For the reasons stated above, the Motion is GRANTED.  The Court will separately enter an order of foreclosure and sale.

**SO ORDERED.**

Dated:    February 22, 2024
               Central Islip, New York

_____
/s/ (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE